IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATHERINE A. FREY,** | : | **CIVIL NO. 1:10-CV-1457** |
| **Plaintiff** | : | |
| v. | : | |
| **GRUMBINE'S RV;** | : | |
| **DAMON MOTOR COACH; and** | : | |
| **MEYER'S RV CENTERS, LLC,** | : | |
| **Defendants** | : | |

## **M E M O R A N D U M**

Before the court is Plaintiff Katherine A. Frey's Motion for Remand. (Doc. 10.) Plaintiff asserts that the court does not have subject matter jurisdiction to hear this case because of the parties' incomplete diversity of citizenship. Specifically, Plaintiff asserts that named-Defendant Grumbine's RV is a citizen of Pennsylvania, like Plaintiff, and that it is not the same company as Grumbine's RV Centers, which is a fictitious name used by Meyer's RV Centers, LLC, a Minneapolis, Minnesota corporation. For the reasons that follow, Plaintiff's motion will be denied.

### **I.      Background**

On June 14, 2010, Plaintiff filed a complaint in the Court of Common Pleas in Dauphin County, Pennsylvania, case no. 2010 CV 7908 CV, against Defendants Grumbine's RV, Damon Motor Coach, and Meyer's RV Centers, LLC. Plaintiff alleges that she purchased a motor home manufactured by Damon Motor Coach from Defendant Grumbine's RV for $97,984.65.  (Doc. 1-2, Compl. ¶ 6.)

Plaintiff also alleges that "Defendant Meyer's RV Centers LLC, is a business entity who owns the business entity known as Grumbine's RV and is a dealer in recreational vehicles," incorporated in Minnesota with its principal place of business in Illinois. (*Id.* ¶ 5.) Plaintiff alleges various claims for breach of a written sales agreement, breach of warranty, common law misrepresentation, as well as an equitable claim for rescission.

On July 14, 2010, Defendants filed a Notice of Removal with this court. Defendants assert that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, based on diversity of citizenship and an amount in controversy in excess of $75,000. (Doc. 1.) On July 19, 2010, Defendants filed motions to dismiss. (*See* Docs. 2-3.) On July 29, 2010, Defendants filed their briefs in support. (*See* Docs. 7-8.) On August 9, 2010, Plaintiff filed her motion to remand, as well as a motion to stay briefing of Defendants' motions to dismiss. (Docs. 10, 12.) On August 10, 2010, the court granted Plaintiff's motion to stay briefing of Defendants' motion to dismiss. (Doc. 16.). The parties have fully briefed Plaintiff's motion for remand.[1]

## II. Legal Standard

A motion to remand is governed by 28 U.S.C. § 1447(c), which provides that removed cases shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Id.*

---

[1] Plaintiff did not initially file a brief in support of her motion for remand, instead, her motion stated that she was filing "this Motion for Remand and Incorporated Memorandum of Law." (Doc. 10, Pl's Mot. for Remand at 1.) Defendants filed their brief in opposition on August 18, 2010. (Doc. 17.) On August 21, 2010, Plaintiff filed a document titled "Brief in Support of Plaintiff's Motion for Remand." (Doc. 19.) That document, though titled a brief in support, responds to arguments made by Defendants in their brief in opposition, and, thus, the court deems it to be Plaintiff's reply brief.

2

Removing defendants bear the burden of proving the existence of federal jurisdiction. *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995). Moreover, "it is well settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *see also Corwin Jeep Sales & Serv., Inc. v. Am. Motor Sales Corp.*, 670 F. Supp. 591 (M.D. Pa. 1986).

The removing parties allege that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). To establish diversity jurisdiction, a party must show that each plaintiff is completely diverse from each defendant and that the amount in controversy exceeds $75,000. *Id*. None of the parties contest that the amount in controversy exceeds $75,000; however, Plaintiff alleges that the parties are not completely diverse. The citizenship of Plaintiff and Defendants determines whether the parties are diverse, and if Plaintiff is a citizen of a state where any Defendant is also a citizen then the parties are not diverse. *See Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995). A corporation is a citizen of any state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

**III.** **Discussion**

    **A.** **Motion to Remand**

Plaintiff is a citizen of the Commonwealth of Pennsylvania. (*See* Doc. 1-2, Compl. ¶ 2, at 6 of 37.) In her complaint, Plaintiff sues Defendants Grumbine's RV, Damon Motor Coach, and Meyer's RV Centers, LLC. Plaintiff alleges that

Grumbine's RV is "a business entity who sells new and used RV's [sic] which is authorized to do business in the Commonwealth of Pennsylvania, with its principal place of business at 7501 Allentown Boulevard, Harrisburg, Dauphin County, Pennsylvania." (*Id.* ¶ 3, at 6-7 of 37.) Plaintiff further alleges that Defendant Meyer's RV Centers, LLC is a business incorporated in Minnesota "who owns the business entity known as Grumbine's RV and is a dealer in recreational vehicles," and has its principal place of business in Illinois. (*Id.* ¶ 5 at 7 of 37.) Finally, Plaintiff alleges that Damon Motor Coach has its principal place of business in Indiana. (*Id.* ¶ 4, at 7 of 37.)

In her motion for remand, Plaintiff acknowledges that Defendants Damon Motion Coach and Meyer's RV Centers, LLC have diverse citizenship from Plaintiff. (*See* Doc. 10, Pl.'s Mot. for Remand ¶¶ 7, 9.) However, Plaintiff asserts that Defendant Grumbine's RV is not diverse because it is a Pennsylvania business.

In contrast, Defendants contend that Grumbine's RV is a name that is sometimes used by Grumbine's RV Center, which itself is a fictitious name registered to Meyer's RV Centers, LLC, and that neither Grumbine's RV nor Grumbine's RV Centers is a separate business entity from Meyer's RV Centers, LLC, and, thus, it is Meyer's corporate citizenship that is relevant for purposes of diversity jurisdiction.

Plaintiff further acknowledges that Grumbine RV Center is owned by Meyer's RV Center LLC, and that Grumbine's RV Center is registered as a fictitious name in Pennsylvania. However, Plaintiff asserts that she was sold a motor home by Grumbine's RV not Grumbine's RV Center, and that the two are not the same company. Plaintiff further asserts that Grumbine's RV was designated in the

4

contract as the seller of the motor home, not Grumbine's RV Center, and that "Grumbine's RV does not hold itself out to be Grumbine's RV Center in any of the documents or exhibits." (Doc. 10, Pl.'s Mot. for Remand ¶ 17.) Unfortunately, the allegations in Plaintiff's complaint and the documents attached thereto belie Plaintiff's assertions.

In her complaint, Plaintiff asserts that Grumbine's RV has its principal place of business at 7501 Allentown Boulevard, Harrisburg, Dauphin County, Pennsylvania 17112. (*See* Doc. 1-2, Compl. ¶ 3, at 6-7 of 37.) Attached to Plaintiff's Complaint is an invoice for the sale of the motor home listing the seller as "Grumbine's RV Center," with a principal place of business as 7501 Allentown Blvd., Harrisburg, Pennsylvania 17112. (*See* Doc. 1-2, Ex. A to Compl., at 26 of 37.) These documents, supplied by Plaintiff, suggest that Grumbine's RV and Grumbine's RV Center are one in the same.

Second, Plaintiff has attached other papers to her complaint which contradict her current position that Grumbine's RV has never held itself out as Grumbine's RV Center. For example, she attached registration papers, which list the seller of the motor home as "Grumbine's RV Center." (*Id.* at 27 of 37.) She attached a two-page document titled "Pre-Delivery Inspection/Owner Registration Form," which lists "Grumbine's R.V. Center" as the seller. (*Id.* at 28-29 of 37.) Finally, a work order attached to Plaintiff's complaint lists the dealer as "Grumbine's RV Center." (*Id.* at 36-37 of 37.) In fact, the only document attached to Plaintiff's complaint which lists something other than Grumbine RV Center is a written acknowledgment titled "WE OWE," which lists the company as "Grumbine's RV." (*Id.* at 30 of 37.)

Thus, the evidence provided by Plaintiff contradicts her assertion that she did not purchase her motor home from Grumbine's RV Center, which she freely acknowledges is not its own corporate entity but rather a fictitious name used by Meyer's RV Centers to conduct business in Pennsylvania. In addition to the evidence provided by Plaintiff, Defendants have provided an affidavit of a manager with Meyer's RV Centers, LLC. (*See* Doc. 17-3, Aff. of Brent Moody.) In this affidavit, Mr. Moody avers that Grumbine's RV Center is registered with the Commonwealth of Pennsylvania as a fictitious name used by Meyer's RV Centers, LLC, to conduct business in Pennsylvania, and that it is not a separate business entity. (*Id.* ¶ 3.) He also asserts that Grumbine's RV Center is also known as Grumbine's RV, and the motor home that is the subject of Plaintiff's complaint was purchased from Grumbine's RV Center, the dealership owned by Meyer's RV Centers, LLC. (*Id.* ¶¶ 5,7.)

Based on the foregoing, the court concludes that the presence of Grumbine's RV as a named defendant does not defeat the court's diversity jurisdiction. It appears, both from the papers submitted by Plaintiff and the affidavit from Defendants, that Grumbine's RV is not a separate business entity from Grumbine's RV Center, which itself is simply a fictitious name used by Meyer's RV Centers, LLC, to conduct business in Pennsylvania. As such, the citizenship of the corporate entity who sold Plaintiff her a motor home is Minnesota, where Meyer's RV Centers, LLC, is incorporated, and Illinois, where its principal place of business is located.

### B. Request for Fees and Costs

In their brief in opposition, Defendants contend that they should be awarded attorney's fees and costs for having to defend against Plaintiff's motion for remand. Specifically, Defendants assert that Plaintiff's motion was presented for an improper purpose, such as to harass or cause unnecessary delay, and that sanctions are appropriate under Federal Rule of Civil Procedure 11(b).[2] The court will not award fees or costs to Defendants. While it is clear to the court that its subject matter jurisdiction over this dispute is sound, the court does not believe that the spirit of Plaintiff's motion was vexatious. Nonetheless, the court's lenitive disposition of Defendants' request for attorney's fees and costs should not be viewed by the parties as an invitation to engage in frivolous conduct. It has been this court's experience that awarding such fees and costs at such an early stage of the proceedings tends to invite more rancor, not less, and the court is not interested in increasing the already palpable hostility between the parties in this case.

### C. Motions to Dismiss

By order dated August 10, 2010, the court stayed briefing of Defendants' motions to dismiss. Because the court will deny Plaintiff's motion for remand, the court will lift this stay and issue a new briefing schedule.

---

[2] It is worth noting that Plaintiff also requests attorney's fees and costs based on her belief that removal was improper. (*See* Doc. 10, Pl.'s Mot. for Remand ¶¶33-34.) Because the court determines that it has subject matter jurisdiction over Plaintiff's claims, the court will not address Plaintiff's request for attorney's fees and costs.

7

An appropriate order will be issued.

s/Sylvia H. Rambo  
United States District Judge

Dated: September 15, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**KATHERINE A. FREY,** : CIVIL NO. 1:10-CV-1457
      **Plaintiff** :
   **v.** :
**GRUMBINE'S RV;** :
**DAMON MOTOR COACH; and** :
**MEYER'S RV CENTERS, LLC,** :
      **Defendants** :

# O R D E R

In accordance with the attached memorandum of law, **IT IS HEREBY ORDERED THAT:**

   (1)   Plaintiff's motion for remand, (Doc. 10), is **DENIED**;

   (2)   Defendants' request for sanctions is **DENIED**; and,

   (3)   The stay of briefing on Defendants' motions to dismiss is lifted.

Plaintiff shall file her briefs in opposition to Defendants' motions to dismiss by no later than fourteen (14) days from the date of this order, and Defendants may file their reply briefs no later than fourteen (14) days from the filing of Plaintiff's briefs in opposition.

                                                s/Sylvia H. Rambo
                                              United States District Judge

Dated: September 15, 2010.