IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATHERINE A. FREY,** | : | **CIVIL NO. 1:10-CV-1457** |
| **Plaintiff** | : | |
| v. | : | |
| **GRUMBINE'S RV;** | : | |
| **DAMON MOTOR COACH; and** | : | **J. Rambo** |
| **MEYER'S RV CENTERS, LLC,** | : | |
| **Defendants** | : | |

# **M E M O R A N D U M**

Before the court is Defendant Damon Motor Coach's ("Damon's")[1] motion for reconsideration, (Doc. 29), of this court's November 15, 2010 order granting in part and denying in part Defendants' motions to dismiss. (Doc. 25.) The motion has been fully briefed and is ripe for disposition. For the reasons that follow, the motion will be denied.

**I.** **Background**

    **A. Facts**

The court has previously laid out the pertinent facts in a memorandum dated November 15, 2010, (Doc. 25), and will only briefly summarize them here.

On October 28, 2009, Plaintiff Katherine A. Frey ("Frey") entered into an agreement to purchase a 2009 Damon Avanti class A motor home ("motor home")

---

[1] Defendants state that Plaintiff improperly designated Damon Corporation as Damon Motor Coach. Plaintiff does not appear to dispute this fact. Since it is immaterial to the court's decision, the court will refer to Damon Corporation, improperly designated as Damon Motor Coach, simply as "Damon."

from Defendant Grumbine's RV ("Grumbine's") for Ninety Seven Thousand Nine Hundred Eighty Four Dollars and sixty-five cents ($97,984.65). (Doc. 1-2, Compl. ¶ 6.) The motor home was manufactured by Defendant Damon. Following the purchase of the motor home, Frey experienced several problems including, *inter alia*, a leaking sink drain and windshield, a malfunctioning furnace and leveling jacks, exposed wires, and a jammed shifter. (Doc. 1-2, Compl. ¶ 17, 25, 28.) After several apparently unsuccessful attempts at repair by Grumbine's, Plaintiff filed the instant action against both the seller (Grumbine's) and the manufacturer (Damon).

### B. Procedural History

On June 14, 2010, Frey filed a complaint in the Court of Common Pleas in Dauphin County, Pennsylvania, case no. 2010-CV-7908-CV, against Defendants Grumbine's, Damon, and Meyer's RV Centers, LLC. In the complaint, Plaintiff alleges that the motor home was defective and seeks damages for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of the warranty of merchantability, breach of the warranty of fitness for a particular purpose, and misrepresentation. Plaintiff also seeks to revoke her acceptance of the motor home and rescind the contract. On July 14, 2010, Defendants filed a Notice of Removal. (Doc. 1.) On July 19, 2010, Damon and Grumbine's filed motions to dismiss (Docs. 2-3) followed by briefs in support on July 29, 2010. (Docs. 7-8.) On August 9, 2010, Frey filed a motion to remand, as well as a motion to stay briefing of Defendants' motions to dismiss. (Docs. 10, 12.) Frey's motion for remand contested whether there was complete diversity of citizenship between the parties. On August

10, 2010, the court granted Frey's motion to stay briefing of Defendants' motions to dismiss. (Doc. 16.)

By memorandum and order dated September 15, 2010, the court denied Frey's motion for remand, finding that there was complete diversity of citizenship of all parties. (*See* Doc. 20.) In the accompanying order, the court issued new briefing deadlines for Defendants' motions to dismiss. On September 29, 2010, Frey filed her briefs in opposition to Defendants' motions to dismiss. (Docs. 21-22.) On October 8, 2010, Grumbine's and Damon filed their respective reply briefs. (Docs. 23-24.) After full briefing, the court issued its order and accompanying memorandum dated November 15, 2010, granting in part and denying in part both motions. (Doc. 25.) Regarding Damon's motion, the court granted dismissal of Counts I (breach of contract), II (implied covenant of good faith and fair dealing), IV (warranty of fitness for a particular purpose), V (misrepresentation), and VII (rescission of contract) of Frey's complaint and denied Damon's motion as to Count III (breach of implied warranty of merchantability). The court also denied Damon's motion as to Count VI of Frey's complaint pertaining to revocation of acceptance. In its motion, Damon argued for dismissal of Count VI because "Plaintiff did not accept any goods from Damon as her relationship was only with Defendant Grumbine's RV and only Defendant Grumbine's RV delivered goods to Plaintiff. Plaintiff cannot revoke her acceptance of the motor home as to Defendant Damon because Damon was a stranger to the transaction whereby Plaintiff initially accepted the goods." (Doc. 2 .) The court denied the motion in this regard, stating:

> Damon provides no case law on the subject. While the argument has some logical appeal, in the absence of case law to support it, the court will reject the argument in light of the well established rule in Pennsylvania that privity of

3

> contract between buyer and a manufacturer no longer
> operates as a bar to recovery by a buyer . . . . While the
> discussion of privity in [*Moscatiello v. Pittsburgh
> Contractors Equipment Co.,* 595 A.2d 1198 (Pa. Super. Ct.
> 1991)] concerned claims for breach of implied warranties,
> the court believes the logic is equally applicable to a case
> like the one *sub judice* because underlying all of Frey's
> claims is the assertion that the motor home was defective
> and the defects were never remedied. In the absence of
> authority to the contrary, the court concludes the lack of
> contractual privity between Damon and Frey is not fatal to
> Frey's effort to revoke acceptance of the motor home.

(Doc. 25 at 16-17.)

On November 29, 2010, Damon submitted this motion for reconsideration requesting that the court dismiss with prejudice Count VI of Frey's complaint regarding revocation of acceptance.

**II.      Standard**

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of

4

reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

**III.     Discussion**

Damon argues that Pennsylvania Uniform Commercial Code § 2608[2] requires contractual privity in order for the remedy of revocation of acceptance to be available to a buyer. Damon argues that revocation is inapplicable here because, as the remote manufacturer, it did not "sell or contract to sell goods" to the Plaintiff and thus it is not in contractual privity with Plaintiff. (Doc. 29.) Damon further states that the policy underlying the remedy of revocation is to restore the status quo between the parties in the sense that the purchaser returns the product to the seller and the seller returns the purchaser's money. (*Id.*) Damon argues that this policy is inapplicable here because Plaintiff did not receive any goods from Damon and Damon did not receive any money from Plaintiff and thus it would be impossible to

---

[2] Pennsylvania Uniform Commercial Code § 2608 states, in part: "[Revocation] is not effective until the buyer notifies the seller of it." 13 Pa. Cons. Stat. § 2608(b).

5

restore the status quo between Damon and Plaintiff. (*Id.*) Damon concedes that no Pennsylvania court has addressed this issue, but provides several decisions from other state and federal courts holding that there must be privity of contract between a buyer and a manufacturer in order for revocation to be a remedy available to a buyer against a manufacturer. *See, e.g., Long v. Monaco Coach Corp.*, 2006 WL 2564040 (E.D. Tenn. Aug. 31, 2006) (stating that, under Tennessee law, "revocation of acceptance is not an available remedy in the absence of privity . . . ."); *Smith v. Monaco Coach Corp.*, 334 F. Supp. 2d 1065 (N.D. Ill. 2004) (same under Illinois law); *Hardy v. Winnebego Indus., Inc.*, 706 A.2d 1086 (Md. Ct. Spec. App. 1998) ("The remedy of revocation of acceptance lies only against a seller of goods, not a remote manufacturer."); *Powers v. Lazy Days RV Center, Inc.*, 2006 WL 373011 (M.D. Fla. Feb. 16, 2006) (same); *Seekings v. Jimmy GMC of Tuscon, Inc.*, 638 P.2d 210 (Ariz. 1981) (same); *Henderson v. Chrysler Corp.*, 477 N.W.2d 505 (Mich. Ct. App. 1991) (same). Damon believes that the Pennsylvania Supreme Court would, if presented with this issue, join these jurisdictions and require privity of contract before a claim for revocation may be asserted against a non-selling manufacturer. (Def's Br. Supp. of Mot. for Recon. at 7.) Damon also concedes that Pennsylvania courts have eliminated the privity requirement altogether with respect to breach of warranty claims, but argues that this holding is limited to breach of warranty claims and does not extend to revocation claims. (*Id.* at 2.)

Plaintiff counters by repeating the established rule in Pennsylvania that "a manufacturer may be held directly liable in a breach of warranty action in which a consumer sues the party who sold him the defective product." (Pl.'s Br. in Opp. to Mot. for Recon. at 2.) (citing *Moscatiello v. Pittsburgh Contractors Equipment Co.*,

595 A.2d 1198, 1203 (Pa. Super. Ct. 1991)). Plaintiff points out that recovery is permitted against a manufacturer in a breach of warranty action because Pennsylvania courts have acknowledged the "mere conduit" theory, which entitles sellers of products that injure consumers to seek indemnification from the manufacturer of the product, reasoning that "the relative culpability of the seller pales in comparison to that of the manufacturer." (*Id.*) (citing *Moscatiello*, 595 A.2d at 1201.) Following that reasoning, Plaintiff argues that the remedy of revocation can be brought against a remote manufacturer in the absence of privity.

Applying the standard used when a party seeks reconsideration, the court concludes that Damon has not demonstrated any applicable grounds for reconsideration. Initially, the court finds that no new evidence has been introduced and there has been no intervening change in controlling law. Accordingly, Damon must demonstrate that our underlying ruling was a clear error of law or fact that resulted in a manifest injustice. Although Damon provided the court with state and federal case law from other jurisdictions holding that contractual privity is required in order to assert revocation as a remedy, none of those decisions are binding. Rather, in a diversity case, the court must apply the substantive law of Pennsylvania. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C.*, 566 F.3d 86, 89 (3d Cir. 2009). Ideally, the court would simply apply Pennsylvania Supreme Court precedent that is on point. However, as both parties concede, the Pennsylvania Supreme Court has yet to determine whether privity is required in a revocation of acceptance context. Consequently, this court must predict how the Supreme Court would rule on the issue. *Berrier v. Simplicity Mfg., Inc.*, 563 F.3d 38, 45-46 (3d Cir. 2009) ("In the absence of a controlling

decision by the Pennsylvania Supreme Court, a federal court applying that state's substantive law must predict how Pennsylvania's highest court would decide this case."). In doing so, this court "must look to decisions of state intermediate appellate courts, of federal courts interpreting the state's law, and of other state supreme courts that have addressed the issue," as well as "dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand." *Norfolk Southern Ry. Co. v. Basell USA, Inc.*, 512 F.3d 86, 92 (3d Cir. 2008) (quoting *Koppers Co., Inc. v. Aetna Cas. and Sur. Co.*, 98 F.3d 1440, 1445 (3d Cir. 1996)); *see also Jewelcor, Inc. v. Karfunkel*, 517 F.3d 672, 676 (3d Cir. 2008) ("In diversity cases, 'where the applicable rule of decision is the state law, it is the duty of the federal court to ascertain and apply that law, even though it has not been expounded by the highest court of the state.'") (internal quotations omitted).

A review of Pennsylvania case law does not demonstrate that the court clearly erred by declining to dismiss Frey's revocation claim against Damon. In *Kassab v. Central Soya*, 246 A.2d 848 (Pa. 1968), the Pennsylvania Supreme Court first enunciated the rule in Pennsylvania that a remote manufacturer may be liable in a breach of warranty suit for damages sustained by a buyer as a result of the purchase of a defective product, even in the absence of privity of contract between the manufacturer and the consumer. The Pennsylvania Superior Court subsequently acknowledged the "mere conduit" theory which holds that the seller, while not relieved of liability, is entitled to indemnity against the manufacturer in cases involving the sale of defective products. *Moscatiello*, 595 A.2d at 1201-02 (referencing *Walasavage v. Marinelli*, 483 A.2d 509 (Pa. Super. 1984)). The court in

8

*Moscatiello* reasoned that, in such cases, the seller acts as a mere conduit between the buyer and the manufacturer and therefore the culpability of the seller "pales in comparison to that of the manufacturer." *Id.* In essence, the *Kassab* and *Moscatiello* decisions act to abolish the privity requirement in cases involving breach of warranty claims from the sale of a defective product and permit recovery against a manufacturer. The willingness of Pennsylvania courts to extend accountability to manufacturers in such cases undermines Damon's position that the Pennsylvania Supreme Court would strictly limit the remedy of revocation to instances involving contractual privity even where, as here, the underlying claims involve a defective product. Rather, the holdings in *Kassab* and *Moscatiello* ostensibly indicate that the Pennsylvania Supreme Court would adopt the position held by various courts that privity of contract is not required to maintain an action for revocation against a manufacturer. *See, e.g., Kolle v. Mainship Corp.*, 2006 WL 1085067, at *7 (E.D.N.Y. April 20, 2006) ("Under New York law, privity of contract is not required for a plaintiff to assert a cause of action for revocation of acceptance as against the manufacturer."); *Mazzuocola v. Thunderbird Prods. Corp.*, 1995 WL 311397, at *26-27 (E.D.N.Y. May 16, 1995) ("Whether privity of contract is required between a manufacturer and a remote buyer to maintain an action for revocation of acceptance is not entirely clear . . . . Because research does not reveal any New Jersey case law that directly answers the question, the court assumes that privity of contract is no longer required to maintain an action for revocation of acceptance under New Jersey law.")

9

**IV.        Conclusion**

Damon failed to make the requisite showing that the court clearly erred or created a manifest injustice by declining to dismiss Count VI of Frey's complaint based on the lack of contractual privity between Damon and Frey. Accordingly, the motion for reconsideration will be denied.

An appropriate order will issue.

                                                     s/Sylvia H. Rambo
                                                     United States District Judge

Dated:  February 16, 2011.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KATHERINE A. FREY,** : | **CIVIL NO. 1:10-CV-1457** |
| **Plaintiff** : | |
| v. : | |
| **GRUMBINE'S RV;** : | |
| **DAMON MOTOR COACH; and** : | |
| **MEYER'S RV CENTERS, LLC,** : | |
| **Defendants** : | |

## **O R D E R**

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the Defendant's motion for reconsideration (Doc. 29) is **DENIED**.

                                                    s/Sylvia H. Rambo
                                                    United States District Judge

Dated: February 16, 2011.